UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY JAMAR MAYS, <br><br> Plaintiff, <br><br> v. <br><br> EXETER FINANCE, <br><br> Defendant. | CAUSE NO.: 2:22-CV-281-TLS-JPK |

**OPINION AND ORDER**

Timothy Jamar Mays, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendant Exeter Finance. He also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is denied. The Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is granted additional time to amend his Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma

pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a)(1). The Plaintiff's motion establishes that he is unable to prepay the filing fee.

Under the second inquiry, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on a defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the Plaintiff's Complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In his Complaint, the Plaintiff alleges that the Defendant discriminated against him by not accepting his payment and defamed him by rejecting his payment twice. *See* Compl. 2, ECF No. 1. The Plaintiff's Complaint does not explicitly, but maybe be attempting to, invoke 42 U.S.C. § 1981, which prohibits race discrimination and retaliation in the making and enforcing of contracts. *See* 42 U.S.C. § 1981(a) (providing that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens"); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) ("To establish a claim under § 1981, the plaintiffs must show that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract).") However, nowhere in the Plaintiff's Complaint does he identify his race or allege facts from which it can be inferred that the Defendant took any adverse action, such as breaching a contract, because of his race. Without such information, the Plaintiff has not stated a plausible claim for relief.

To the extent the Plaintiff is attempting to bring a state law claim for breach of contract or defamation, he has not alleged facts to support jurisdiction in this Court. The Court's original subject matter jurisdiction over state law claims must be premised on diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. As the party seeking this Court's jurisdiction, Plaintiff bears the burden of showing that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). Although the Plaintiff provides documents showing that he resides in Indiana and the Defendant has a mailing address in Texas, he has not properly alleged the citizenship of each

party nor shown that the amount in controversy exceeds $75,000. Therefore, the Court cannot confirm that the requirements of diversity jurisdiction are satisfied. The Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 based on its original jurisdiction to hear the federal statutory claim. However, because the Court is dismissing the federal claim for failure to state a claim, the Court declines to exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C § 1367(c)(3).

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until October 19, 2022, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as a fee-paying plaintiff). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff may also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by October 19, 2022, the Court will direct the Clerk of Court to close this case. If the Plaintiff does not file an amended complaint and the case is closed, the Plaintiff is permitted to pursue his claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (explaining that when a district court dismisses the federal claim conferring original jurisdiction before trial, the court may relinquish supplemental jurisdiction over state law claims under § 1367(c)(3)).

## CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to

28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including October 19, 2022, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the October 19, 2022 deadline, the Court will direct the Clerk of Court to close this case without further notice and the Court will relinquish jurisdiction over any state law claims.

     SO ORDERED on September 28, 2022.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT