UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TIMOTHY JAMAR MAYS a/k/a
TIMOTHY MAYS,

    Plaintiff,

  v.          CAUSE NO.: 2:22-CV-281-TLS-JPK

EXETER FINANCE,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 11] filed by Defendant Exeter Finance on November 21, 2022. The Plaintiff did not respond, and the time to do so has passed. For the reasons set forth below, the Court grants the motion.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 23, 2022, the Plaintiff Timothy Mays, proceeding pro se, filed a Complaint alleging in its entirety:

> I was discriminated by Exeter, they wouldn't accept my payment. They also defamed me because I sent my payment twice and Exeter still did not [accept] my payment. I also understand that any unearned interest I [paid] to [them] is owed back to me. I will attach the . . . file of payments.

Compl. 2, ECF No. 1. The Plaintiff also filed a Motion to Proceed In Forma Pauperis [ECF No. 2].

On September 28, 2022, the Court issued an Opinion and Order, dismissing the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), denying the Motion to Proceed In Forma Pauperis, and granting the Plaintiff up to and including October 19, 2022, in which to file an amended complaint that cures the defects in the Complaint identified in the Court's Opinion and Order. ECF No. 3. In dismissing the Complaint, the Court concluded that, although the Plaintiff generally alleged discrimination, he had not alleged facts to state a plausible claim for relief. The

Court recognized the possibility that he may have been invoking a federal claim under 42 U.S.C. § 1981. ECF No. 3. The Court also found that, to the extent he was attempting to bring a state law claim for breach of contract or defamation, the Plaintiff had not alleged facts to demonstrate the Court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

On October 11, 2022, the Plaintiff filed an Amended Complaint [ECF No. 4]. The Amended Complaint contains two sentences: "Deprivation of rights is the claim. I sent my payment to Exeter twice and they did not accept it." *Id.* In the request for relief, the Plaintiff writes: "Accept my payment and pay back any unearned interest that they have received from me." *Id.* On November 21, 2022, the Defendant filed the instant Motion to Dismiss [ECF No. 11] to which the Plaintiff has not responded.

## MOTION TO DISMISS STANDARD

In order to state a claim for relief, a complaint must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)).

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

2

doubtful in fact)." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Defendant moves to dismiss the Plaintiff's Amended Complaint for failure to state a claim of any federal cause of action and for failure to establish diversity jurisdiction over any state law claims. The Plaintiff did not respond to the motion. The Court recognizes that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Even under a more lenient construction, the Amended Complaint fails to cure the deficiencies set out in the Court's prior Opinion and does not provide sufficient factual allegations to put the Defendant on notice of what the Defendant allegedly did that might form the basis of a claim.

First, as previously noted by the Court, the Plaintiff may be attempting to invoke 42 U.S.C. § 1981, which prohibits race discrimination and retaliation in the making and enforcing of contracts. To establish a claim under § 1981, a plaintiff must demonstrate that "(1) [he is a member] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) (citations omitted). In the Amended Complaint, the Plaintiff does not identify his race or any facts that could lead to a reasonable inference that the Defendant took an adverse action against him because of his race. Thus, the Plaintiff has again failed to state a plausible claim for relief under § 1981.

3

Next, the Defendant argues that if the Plaintiff is attempting to raise a discrimination claim under the Equal Credit Opportunity Act (ECOA), he has likewise failed to allege facts sufficient to state a claim. "The ECOA makes it illegal for creditors to 'discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race.'" *Est. of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011) (quoting 15 U.S.C. § 1691(a)(1)). To state a claim under the ECOA, a plaintiff must allege that he is an "applicant" as defined by statute and that the defendant treated him less favorably because of his race. *Id.* (citing *Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co.*, 476 F.3d 436, 441 (7th Cir. 2007)). Again, the Plaintiff has not identified his race or alleged any facts to make it plausible that the Defendant treated him less favorably because of his race. Thus, the Plaintiff has failed to state a plausible claim for relief under the ECOA.

Finally, because the Plaintiff has failed to state a federal cause of action, supplemental jurisdiction over any state law claims, such as breach of contract or defamation, is foreclosed. *See* 28 U.S.C. § 1367(c) (providing that a court may decline to exercise supplemental jurisdiction over a claim when the "court has dismissed all claims over which it has original jurisdiction"). Nor has the Plaintiff alleged facts to show that the Court has original jurisdictional over any state law claims based on diversity jurisdiction under 28 U.S.C. § 1332. As previously explained by the Court, diversity jurisdiction requires that the parties on each side of the action be citizens of different states, with no defendant a citizen of the same state as any plaintiff, and that the amount in controversy exceed $75,000. The Plaintiff has not alleged either the citizenship of the parties or shown that the amount in controversy exceeds $75,000. Thus, the Plaintiff has failed to demonstrate that the Court has original subject matter jurisdiction over any state law claims.

Ordinarily, a court affords a pro se litigant an opportunity to file an amended pleading before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, granting leave to amend is not required where such action would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad

discretion to deny leave to amend . . . where the amendment would be futile." (citation omitted)). Here, the Plaintiff was already given one opportunity to cure the defects in the original Complaint and failed to do so in filing the Amended Complaint. Moreover, the Plaintiff did not respond to this motion to explain what facts he might allege to state a claim, and the Court finds no basis to conclude that, if given another opportunity, the Plaintiff could state a viable claim consistent with the allegations in the Complaint. In these circumstances, the Court finds that the Plaintiff's federal claims should be dismissed with prejudice. However, the dismissal of any state law claims for lack of subject matter jurisdiction will be without prejudice.

## CONCLUSION

Accordingly, the Court hereby GRANTS the Defendant's Motion to Dismiss [ECF No. 11] and DISMISSES the Plaintiff's Amended Complaint. The dismissal of any federal claims is with prejudice, and the dismissal of any state law claims is without prejudice.

SO ORDERED on May 24, 2023.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT